IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VIASYSTEMS TECHNOLOGIES CORP. LLC,

                  Plaintiff,

v.

FOREST CITY COMMERCIAL
DEVELOPMENT, INC., *et al.*,

                  Defendants.

Civil Action Number 3:08CV328

## MEMORANDUM OPINION

This matter is before the Court on the motion for partial summary judgment against Agere Systems, Inc. ("Agere") filed by Forest City and Laburnum Investment LLC (collectively referred to as "Forest City") and on Agere's motion for summary judgment. The narrow issue before the Court is whether and to what extent Agere must indemnify Forest City under the relevant agreements. Having reviewed and considered the motions, briefs, and exhibits filed in support thereof, the responses to the motions, the replies, and the arguments of counsel, the Court makes the following findings:

Lucent Technologies Inc. ("Lucent"), the predecessor to Agere, formerly owned and operated a manufacturing facility at 4500 Laburnum Avenue in Richmond (referred to as "the Property"). Due to groundwater contamination by Lucent, the Property was subject to a Resource Conservation Recovery Act ("RCRA") Order from the Environmental Protection Agency ("EPA") requiring a groundwater treatment system (the "Remediation System"). In November 1996, Lucent sold the Property to Circo Craft Technologies, Inc. ("Circo"), the predecessor to defendant

Viasystems Technologies Corporation, LLC ("Viasystems").  As part of that sale, Lucent and Circo entered into a 1996 Environmental, Health and Safety Agreement ("1996 Agreement").

In the 1996 Agreement, Article VI, paragraph 1, Lucent, now Agere, agreed to indemnify Circo, now Viasystems, "for and from any and all Environmental Costs and Liabilities, Environmental Claims or Remedial Actions to the extent relating to, resulting from or arising out of (a) the operation of the Business prior to the Closing, [and] (b) the operation of the remediation system pursuant to the terms of the Order [.]" Lucent also agreed that its "obligation hereunder shall include any obligation to investigate, remediate or otherwise address the presence of Hazardous Materials at, on or under the Facility as of the Closing."  In Article VII of the 1996 Agreement, Circo, now Viasystems, agreed to indemnify Lucent, now Agere, "for all Environmental Costs and Liabilities, Environmental Claims or Remedial Actions incurred by Seller [Agere] to the extent relating to, resulting from or arising out of Purchaser's [Viasystems'] operations at the Facility after the date of Closing (including activities by Purchaser [Viasystems] which aggravate conditions existing at the time of Closing, but only to the extent such conduct gives rise to additional Environmental Costs and Liabilities), or which result from the breach by Purchaser [Viasystems] of any covenant contained in this Agreement."

In 2006, Forest City purchased the Property from Viasystems.  As a part of that transaction, Forest City, Viasystems, and Agere entered into a 2006 agreement entitled "First Amendment to Environmental, Health and Safety Agreement" ( "2006 Amendment") that modified to some extent the 1996 Agreement.  Under paragraph 5 of the 2006 Amendment, Forest City assumed all the rights and obligations of Viasystems under the 1996 Agreement, as of the date of the 2006 Closing. Paragraph 5 also states that once the 1996 Agreement is assigned, as of the date of the 2006 Closing,

Forest City and Agere agree to "forever release" Viasystems and Circo from any liability under the 1996 Agreement, with the exception of Viasystems' indemnity obligations in paragraphs 2, 3, 4, and 7 of the 2006 Amendment. Paragraph 5 of the 2006 Amendment also states that "Viasystems agrees to look only to Agere with regard to any claim arising from Article VI of the [1996 Agreement]." It also states that with regard to claims under Article VII of the 1996 Agreement, Agere will "look only to Circo . . . and Viasystems . . . until the [1996 Agreement] is assigned to [Forest City]." This confirms that Agere's obligations under the 1996 Agreement, specifically Article VI, remain with Agere, while Viasystems' obligations under that Agreement are assigned to Forest City, leaving Viasystems with only those indemnity obligations set forth in paragraphs 2, 3, 4, and 7 of the 2006 Amendment. Paragraph 8 of the 2006 Amendment, which states that "[e]xcept as specifically modified by this Amendment, all other terms, provisions and conditions of the [1996 Agreement] remain in full force and effect," also confirms that many of the obligations under the 1996 Agreement remain in effect and unchanged.

Despite these rather unambiguous statements, Agere takes the position that, pursuant to the 2006 Amendment, it is indemnified by either Viasystems or Forest City or both. It argues that it would not have otherwise entered into the 2006 Amendment. Agere asserts that it was in full compliance with its obligations, successfully operating the Remediation System, and that it had no stake in the proposed development. Accordingly, it argues, it had no reason to agree to the purchase by Forest City or to the relocation of the Remediation System unless it was satisfied that it would not face any additional costs as a consequence of the development. But what Agere ignores is that it was still responsible for "Environmental Costs and Liabilities, Environmental Claims and Remedial Actions" arising out of the operation of the business prior to the 1996 closing, that its

3

obligation includes "any obligation to investigate, remediate or otherwise address the presence of Hazardous Materials at, on or under the Facility as of the Closing," and that the 2006 Amendment confirms that Agere's obligations under the 1996 Agreement, specifically Article VI, remain with Agere. The fact that some contamination had remained covered or "buried" for approximately ten years does not do away with Agere's continuing obligations under the 1996 Agreement, as amended by the 2006 Amendment.

Forest City takes the position that all of the environmental contamination it uncovered during the development of the Property is directly attributable to pre-1996 business operations, making the contamination Agere's responsibility. However, that position is only partially correct.

Under the 1996 Agreement, as modified by the 2006 Amendment, Agere must indemnify Forest City "for and from any and all Environmental Costs and Liabilities, Environmental Claims or Remedial Actions to the extent relating to, resulting from or arising out of (a) the operation of the Business prior to the Closing, [and] (b) the operation of the remediation system pursuant to the terms of the Order[.]" Agere also agreed in the 1996 Agreement that its "obligation hereunder shall include any obligation to investigate, remediate or otherwise address the presence of Hazardous Materials at, on or under the Facility as of the Closing." These obligations remain in effect. However, due to the assignment to Forest City of Viasystems' obligations under the 1996 Agreement, as set forth in paragraph 5 of the 2006 Amendment, Forest City must indemnify Agere for "Environmental Costs and Liabilities, Environmental Claims or Remedial Actions" that relate to Viasystems' or Forest City's "operations at the Facility after the date of Closing (including activities by Purchaser [Viasystems or Forest City] which aggravate conditions existing at the time of [the 1996] Closing but only to the extent such conduct gives rise to additional Environmental

Costs and Liabilities[.]" To further clarify, simply uncovering environmental contamination that existed prior to the 1996 closing does not "aggravate conditions" or constitute "additional Environmental Costs and Liabilities" so as to implicate Forest City's [or Viasystems'] indemnification of Agere. To "aggravate" a condition requires more than merely uncovering it. But where Forest City's or Viasystems' actions "aggravated conditions" that existed pre-1996 closing, Forest City is liable as to the costs in excess of those attributable to pre-1996 closing conditions. In addition, Forest City is liable to Agere pursuant to paragraph 4 of the 2006 Amendment for losses that arise out of "the demolition of the Facility," which also includes "activities by [Forest City] which aggravate conditions existing prior to Purchaser's acquisition of the Property;" however, this indemnity obligation is also limited to amounts in excess of "those attributable to any conditions existing prior to Purchaser's [Forest City's] acquisition of the Property." Forest City is also liable to Agere pursuant to paragraph 4 of the 2006 Amendment for losses that "arise out of or result from [Forest City's] failure to perform its obligations under this Agreement."

Although Viasystems' indemnity obligations are not strictly before the Court pursuant to these two motions, Viasystems' indemnity obligations are set forth in paragraphs 2, 3, 4, and 7 of the 2006 Amendment. Viasystems' obligations in paragraph 4 are limited to those arising out of or resulting from "(a) the actual relocation of the Treatment System, including, without limitation, any expansion of the Environmental Cleanup Orders directly arising out of the relocation of the Treatment Plant, (b) any newly discovered environmental contamination requiring remediation during the course of the relocation of the Treatment System or the exacerbation of pre-existing contamination that results in an expansion of Agere's obligations under the Environmental Cleanup

Orders." These obligations appear to be more limited in nature than Viasystems' former obligations[1] under Article VII of the 1996 Agreement, as they are restricted to losses that arise out of or result from the relocation of the Treatment System and the expansion of Agere's obligations under the Environmental Cleanup Orders as related to the relocation of the Treatment System.

Accordingly, Agere's motion for summary judgment will be denied to the extent Agere asserts that it is entitled to indemnification from Viasystems or Forest City for all of the damages at issue in this litigation, as set forth herein, and Forest City's motion for partial summary judgment will be granted to the extent set forth herein but will be denied as to other issues raised in Forest City's motion but not addressed herein.

An appropriate Order shall issue.


<u>December 9, 2008</u>                 <u>/s/</u>
DATE                     RICHARD L. WILLIAMS
                         SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Viasystems' obligations under Article VII of the 1996 Agreement were assigned to Forest City pursuant to paragraph 5 of the 2006 Amendment.